A.C. v. Starpoint, case number is 25-1316. Thank you. Thank you. All right, Mr. McLaren, I see you've reserved two minutes for rebuttal. Yes. You may begin when you're ready. Yes, Your Honor, thank you. May it please the Court, my name is Mike McLaren, and I represent the Defendant's Appellants in this matter. And I'm going to start off by sort of noting, I think, a little bit of the obvious, that this case presents some interesting, novel, complex issues for the Court to address. And what I would submit to you is that if this Court follows the decision of Carver v. Nassau from 2013, you can avoid having to deal with all of those issues. What the Court in Carver held, in addition to determining that the Court abused its discretion in taking pendant jurisdiction, was notably that the Court said, we can decide in what order we want to take jurisdictional issues. And the Carver Court was faced with an argument in front of it that there was... But mootness comes first. So let's address mootness. And this is a very problematic issue. There is no question that something here is subject to renewal. And so that exception to mootness would apply. In Graham, we wrote an opinion. I wrote it, which said that where it is a preliminary injunction, that doesn't apply. Because the underlying case is still there, and the issue can be decided. So the question is, does that statement in Graham, which has been followed by all the other Court of Appeals jurisdictions, really go as far as it was said? That is, does it apply in a situation where it is the injunction itself that is likely to be repeated improperly as against the underlying ruling in the case? Because the underlying ruling in the case is still there. You know, that case is up. It's being decided. And that issue, the issue of whether the Court did something wrong, can be appealed and decided then. So the question before us is, should we say, nonetheless, when somebody can come and get back another temporary injunction incorrectly, does that keep it from being moot? And that's a, you know, I wrote that case. I don't know about that. But that's what I'd like to figure out. Right. Yeah, you gave a lot to unpack there, Your Honor. And I think the first thing I would point out in response to your first statement was, is that what this Court held actually in Carver was that it is permissible to decide a discretionary jurisdictional question before a nondiscretionary jurisdictional question. And in Carver, what the Court decided was, it was not going to look at the Article III jurisdiction of sovereign immunity because it was so clear to the Court that the Court below abused its discretion in taking pendant jurisdiction over the issue. So I would submit to you, Your Honor, that you don't really need to look at the mootness argument first. That's the argument you're making. But I think there is difference when our jurisdiction is statutory for certain reasons, is there immunity or not, and then do we consider one first or not, and the issue instead of whether a case is moot. And it's very hard. I mean, you know, of course we can play around when there are various statutory jurisdictional questions. I'm not comfortable doing it when the case is dead and saying even though a case is dead, if this case really is dead, we can nonetheless say to the district court, you did everything wrong, which, by the way, I think it did to myself. But that's another matter. Well, I'm glad to hear that, Your Honor. But I'll go to your point on Graham then. And I think that your – and I understand you authored the Graham decision, but I respectfully disagree with you that it created sort of a global concept that the court cannot take jurisdiction over an appeal when it has jurisdiction under 1292 – otherwise has jurisdiction under 1292. And I would point out to you that the concept of the mootness expression was a judicially created construct back in the early 1900s to avoid an injustice, to avoid parties having to keep repeating the same jurisdiction over and over again and not having an ability to review it. That is exactly what we have here. Why isn't this a very good case for the Graham rule, whether or not the Graham rule is an absolute and universal rule? Isn't this, as the case has developed, a very – it's sort of just – to me it seems it's plain moot, and I'll tell you why. If – this did repeat itself this year. We're not just talking about the hypothetical. Is it capable of repeating? It did repeat, except it repeated with variations. There is a different certificate of medical necessity here, which conforms, on its face anyway, to the CDC requirements. The doctor now says this is an unstable neurological condition, which wasn't said before. The district court then did not just say, oh, yeah, never mind, what I said last time still governs. Instead, the district court said, well, let's go to the magistrate judge and have this thing thrashed out for a report and a recommendation. Then the second thing happened, which is you folks agreed to allow the child into the school until there was an opportunity, a full opportunity to review the new certificate. It's possible that you may decide that the new certificate is good enough. That hasn't been decided yet. Then it's possible that they might this time decide to appeal that decision to the commissioner, which they didn't do the last time. Besides that, the key prop, this just happened yesterday, I think, the key prop to the district court's decision was the district court attempted to rely on our Miller case. Well, yesterday, or the day before yesterday, I think, the Supreme Court granted certiorari and vacated Miller and said that our court should reconsider the Miller decision in light of, as often happens, a decision that doesn't seem directly relevant. But it's on the general theme, at least, of religious exceptions to various kinds of rules. It's not a vaccination case. Okay, so our panel, our court, is going to have to reconsider Miller and may come out in a different place. And if it does come out in a different place, then the argument that the district court relied on, which may be wrong anyway, is no longer present. So the district court may rule something different. So I think this case is a perfect illustration of the kind of situation in which, whether or not Graham is an absolute rule, one should be cautious about using this capable of repetition exception to mootness in a preliminary injunction case where not only does the case go on towards a permanent injunction, but the whole case may turn out to be mootish or something like that because the facts and the law are evolving even as the case goes on. So why should we decide? This is a long question, but this is the bottom line. Why should we decide whether the district court was right to reject a certificate of medical necessity on which the petitioners, for an exception, no longer rely? Because now they're relying on something different that triggers rather different questions about how the state law applies. But it doesn't. And that's the point. The variance that you're discussing, Your Honor, do not impact the rule or the ruling that we're asking this Court to review, which is if you have a facially valid exemption form, can the district look beyond it? And no matter what, with the very ---- But there wasn't a facially, at least arguably, was not a facially valid certificate because it did not comply with not just ---- Now the question is can you revisit, can you require a different doctor to certify? Can you say, no, no, it's not good enough unless our doctor agrees with your doctor? Before, the argument was it's not good enough if it doesn't comply with the definition of medically harmful to the child that the regulations embody. Those are two different questions. But the point here is that the district court accepted it as facially valid and made his ruling based on that. I think he's wrong. Yes. But if that is the issue and if something else comes up and the district court rules in the merits case that it cannot look at it, then isn't that appealable? And isn't that then exactly the statement in Graham that if the underlying issue is subject to appeal, we can deal with it then and not now? Now, the only thing against that is if in the interim on the basis of a preliminary injunction that is based on the same grounds as the previous one, we never get to it. That might be a limit in Graham, but the arguments that Judge Lynch has made suggest that that is not likely to happen. But actually ---- It doesn't destroy mootness. But, Your Honor, what Judge Lynch pointed out is exactly the point here, is that that exemption that existed when the initial ruling was made is no longer in effect. It is not the same. So that issue and that injunction is no longer relevant or on appeal. It is moot. There is no question that that exemption is moot and that preliminary injunction is moot. The issue before this Court is given that. And that is a big difference in Graham. Your Honor wrote in Graham and said since the underlying issue is still in front of us in terms of a declaratory judgment ---- But what is the underlying issue? If the underlying issue is whether under New York law you can look at something that the doctor has sent in or not, that issue is still on the merits of this case. It can come up on the merits. If it isn't there, it can come up. If it doesn't come up, it's gone. It only comes up again if, which we say is likely, there is another TRO or injunction issued on that issue. That issue is no longer in the case. And if you look at the appendix at page 61, you look at the relief requested by the plaintiffs in this case, they don't ask for a declaratory judgment on the State law claim. Their declaratory judgment asks only for a declaration as to the Federal claims. There is no preliminary injunction in front of the Court anymore on the State law claim. So when you ask me what the issue is, the issue is if you're faced with a valid, facially valid exemption, does the Court, does the district, the school district, have the ability to second guess that, to look beyond that and evaluate the validity of it? And that is an issue that this Court is likely to see again and again in this case. Well, we may see it again and again, but we have no business deciding that issue really, right? The right answer for us, if we had jurisdiction, if this was a clear case, final order saying the school district has or doesn't have that power in one side or the other appeals, isn't that clearly a matter that we would need or ought to certify to the New York Court of Appeals? This is a very important issue of State law. It's not a Federal issue whatsoever. It's purely an issue of State law, right? The issue, as I think your friend on the other side would probably formulate it, is whether the regulations on which the school district is relying are consistent with the State statute, right? That's what the issue ultimately is. For a State court judge, I agree.  It's a different issue for a Federal judge. Well, I think it's more appropriately for a State court judge. I think it is, too. As you pointed out, too. But, you know, we have this case, Reyes v. City of New York, that Judge Radji wrote, that at least as I read it, says, you know, if there's a question of whether supplemental jurisdiction was appropriately invoked or not, that's really a question about whether this case should be decided by the State courts. And you know what? We can make that happen by certifying the issue to the State court. On the other hand, then we have this problem. I'm a little concerned about referring to the State's highest court and asking them to decide a question in a case that might well be moot. Why should we get into this tangle? Exactly. I've got a case that is out there that is happening now that has a different constellation of facts and law before the district court. The very case that the district court relied upon has now been vacated. That might mean that the district court will take a different approach. The district court anyway is taking a different approach. You're saying, oh, it's pretty clear what the district judge is going to do. If it was so clear, why didn't the district judge do it? Why didn't the district judge just say, I wrote this opinion already. This is the same damn thing. And he didn't. No, but he was not presented with that issue because the second TRO request did not have to do with an exemption request. The girl had not yet seen a doctor, and there had not been an exemption request. What the plaintiffs came in and said is, well, she has a doctor appointment pending. We want to get a TRO to let her go to school while the doctor appointment is pending. And she was in process. So that's a completely different issue. And the judge said, I don't even have anything about meningitis. But the question before the state, the district court now is, what is the question of state, what is state law on an issue on which there is one decision by a lower state court that goes in one direction? And that's the only time New York has spoken about it. And is there any reason to think, whatever the district court did before, that when they look at that issue, it will decide it wrong, and not only decide it wrong, but first give a preliminary injunction? That is, unless that is a likely event, then this is not likely to occur. And if it is not likely to occur, then under our rules, it is moved, even if Graham isn't, as I'm inclined to think, as absolute as some of its language suggests. I think, Your Honor, first of all, in response to your question, one is I think it's fair to assume that it's likely that a judge who writes the decision the way he did below and spent the time dealing with this issue is going to decide the same exact issue the same exact way. You're suggesting that because a judge made a mistake, the judge will make the same mistake again. I'm suggesting to you that I wrote Graham as if it was absolute, and now I'm thinking it's not. Well, Your Honor, your questions bring me back full circle to the point, and I agree with Your Honor that certifying this to the Court of Appeals may not be a great idea. And the way to get to where you want to go is to look at the discretionary jurisdiction issue and say this all should have been rejected by the district court at the outset, and send it back to state court or send it to the commissioner of education, and that gets you to the same place where we would be if you certified it. Let a state court decide this. Well, not quite the same place. It would send us to a state trial court with an authoritative decision being very far away. Well, but that's how the process is supposed to work under Article 78. So even though it doesn't go directly to the Court of Appeals, it does. I'm glad you mentioned Article 78 because the other thing that puzzles me about the district court decision is not only was the preliminary injunction predicated on a state law issue over which there was, in quotes, only supplemental jurisdiction, it was based on a claim that nobody made.  Which is most peculiar. On the other hand, I don't know why they couldn't amend their complaint to include an Article 78 type, an explicit argument which was not in the complaint, a specific claim that the problem here is not a conflict with the state constitution, which is the only state law claim that they made, but is in conflict, the decision is in conflict with state statutory law. Right. And if they did that, why would we think that Article 78, a state procedural device, somehow trumps Congress's statement of when the Federal courts have supplemental jurisdiction? Well, I think there's two arguments here. One is obviously under 1367A and the other is under 1367C. And I would submit to you my better argument is under 1367C, although I think there's an argument that an Article 78 proceeding is not a claim under 1367A. But clearly under 1367C, you have extraordinary circumstances here where state law is dominating over this entire case and you have, as the Court has pointed out, completely unresolved issues of state law. By the way, the Supreme Court, just a couple of weeks ago, reversed the Ninth Circuit because they took up an issue which the parties didn't have in their complaint. That is, reversed the Ninth Circuit because it did what the district court here did to take up an argument that wasn't in the complaint, because it's very unusual to do that. Now, again, I would think that the trial court might well, the district court might well see that Supreme Court decision and say, why should I do now what I did then? Yeah. But going back to the Article 78 issue, Your Honor, I think that what you have here is consistent with Carver, is you have a case where the district court has waded into what are clearly significant, important state interests in trying to eradicate childhood disease and adult disease through a mechanism that it developed through the public health law and the regulations thereunder. And you have a district court that said, I'm going to take jurisdiction over an unpled claim. And an unexhausted claim, right? And an unexhausted claim. Which Article 78 wouldn't have required exhaustion on top of whatever other problems we have with this? What? Yes. I mean, they could either appeal the denial directly to the commissioner or go to Article 78. Right. Yes. You're absolutely right. And what you have is this district court judge wading into this on an unpled claim. And the way this district, or I'm sorry, this court can most easily address that issue is to say that under 1367C, you abuse your discretion and you shouldn't have taken jurisdiction over an unpled claim and they should have gone to the commissioner of education or an Article 78, which they have the right to do. And that solves this issue. And then this court doesn't have to deal with certifying it to the Court of Appeals. It doesn't have to deal with deciding whether or not Miller was correctly decided by the court below, whether the Go decision actually resolves the issue, whether you have Article 3 jurisdiction. All of those are solved by this court saying, you abused your discretion. And that's the end of the day. And the Cudler decision says you can. What if we say some of those things in dicta? You know? What if in dicta we say, you know, we don't have jurisdiction in this case, but the case has some problems of what the district court did because it decided something that wasn't before it, because it did something about novel state law, because it misunderstood what Rule 78 is about. All of that is problematic. This is moot. But, of course, if it ever comes back to the district court, we're sure it will be quite aware of these things. I'd take that. Sure. Yeah. But, again, I see my time is way up. But, again, I would just urge that the easiest way to do this is decide that he abused his discretion under 1367C. You don't have to write the decision on dicta. We go to a state court and let the state court decide these issues, which it should. Thank you. All right. Thank you, counsel. We'll see you again after we hear from Mr. Rupp. Good morning, Your Honors. May it please the Court. Well, it is obviously our position as we move before a motion panel of this Court that the appeal before Your Honors is moot. And there are very good reasons why I do not believe the Court should wade into any of the things that have been talked about here today, brought up by Mr. McLaren or by you, Judge Galbraith, with respect to dicta and referrals to the Court of Appeals. The appeal is simply moot. The preliminary injunction expired by its own terms at the end of the school year. There is no relief. There is no relief that this Court can grant to either party that's going to restore the status quo or change the outcome of the preliminary injunction that is already in the books. And that is the linchpin of whether this Court can exercise appellate jurisdiction over a preliminary injunction ruling, which is an exception, of course, to the final judgment rule. And we are already talking about exceptions to be up here. Now, we've got to remember that context. This is an exception to the final judgment rule, that this Court under Article III does not have appellate jurisdiction until there's a final judgment. There are limited exceptions to that, extremely limited. We're in exception territory. And one of them is a preliminary injunction. That is not the exception that's even before us now. It's an exception to the exception because the preliminary injunction itself has expired. So where are we now sort of procedurally in the district court? My recollection is that the follow-up doctor's appointment, which was scheduled for exactly one day after the prior certificate was due to expire, would have been last Thursday or Friday. I didn't see any activity in the district court docket. I didn't see any updates about where we stand. So where are we in the district court now? Well, Judge, the underlying merits of everything that has now jumbled up because of, I guess, the reversal by the Supreme Court in Miller is before the district court judge right now. Well, it's before the magistrate judge now, right? I'm sorry? It's been referred to the magistrate judge, right? Well, parts of it have been, but there's now a dispositive summary judgment motion pending that shows that the Article III controversy in the district court is still very much alive. I'm going to follow up with this question again. I was hoping to see an update in the district court record. Correct me if I'm wrong. My recollection from the record that was before us was that there was going to be a follow-up doctor's appointment December 4th or 5th. Am I right about that? Yes, and I believe that happened, Judge. And is there any update on the outcome of that or whether there's a follow-up letter? Because at the moment, there seems to be no – is there no active exemption sort of in place? Well, Judge Maynard, I'm not trying to avoid your question. I don't have – I don't want to speak out of turn here. I believe that the child went to the doctor. I believe that the doctor issued a new exemption on the appropriate DOH form under Public Health Act 2164 certifying not just one but two, making a variance that I believe Judge Lynch pointed out earlier between this process and the new one. What happens next with that in the district court? Presumably something will get filed because this is all teed up in the district court, right? Well, maybe, Judge, but even that assumes something that's not the case because, again, if I can go back to my original argument that the exception to the exception, now we're into capable of repetition but evading review, but it's not the same thing. But there is a motion for a preliminary injunction pending, right, for the – for this school year? I don't – Or a TRO – what's pending in front of the magistrate judge? Judge, I don't believe there is – What's pending in front of the magistrate judge? I'm not sure anything, Judge, other than the summary judgment motion, and I apologize. I thought that there was a motion for a preliminary injunction pending to the magistrate judge. I agree that there others are, but is there a motion for a preliminary injunction pending before a magistrate judge? Judge, not to my knowledge, and I apologize. I'm appellate counsel on this. I have not – I do not believe – I believe what we're waiting for is a ruling from the – from the school district as to whether they're going to accept the new vaccine waiver on the new form by Dr. Riccione from the – earlier this month. As far as you know – you may be wrong, but as far as you know, there is not a preliminary injunction. As far as I know, we have not made a motion for a preliminary injunction, and to Judge Lynch's point, I'm not sure we're going to. I mean, I'm – all of this argument assumes – one thing I want to point out. It assumes that the district is going to go ahead and create a capable of repetition issue for this court by simply willy-nilly rejecting the vaccine form, again, even though the statute says that they don't have that power. The statute says they don't have a veto, and that was carefully calibrated by the New York State legislature when it got rid of the religious exemption. It said the medical exemption is going to be strong, and if you have a doctor, which we do, who certifies that there is a contraindication for the vaccine on the state DOH form, then the district has to accept that. And they just say, well, no, no, we get a veto. Our doctor, without, you know, examining the child, decides otherwise. They haven't actually said that. In the prior situation, we had a certificate that did not comply with the state regulations, which specify what kind of contraindications would suffice. That's a different question, and then they asked for more information, which the regulations also allow, and the parents said no. Now, that seems to me to be a rather different situation than one in which the certificate that we're sort of hypothesizing, because it's not in the record before us and we haven't actually seen it, is one that does comply with the regulation, because apparently it specifies an unstable neurological condition, not a chronic one. Is that your understanding? Judge, and again, I apologize. I have not studied the subsequent post-appellate briefing issues, but I believe that Your Honor is correct, yes. So at that point, we have a situation where the school district has not – first of all, she's in the school at the moment. They have not tried to throw her out, and they have not acted at all on this new and different certificate. Yes, in a grand sense, the issue of just how far can they go is one that is likely to recur and keep coming up in this case and in many other cases. But the factual circumstances of how far have they gone and how far are they prepared to go and what is the precise contour of the issue about what authority the school district has is an ever-changing thing in this case and could be in any other case, too, I suppose, where the medical situation continues to evolve, where the doctor's opinion continues to evolve. Well, and Judge, that's exactly my point, because we're already talking about an exception to the final judgment rule. Then we're talking about, you know, getting up here for jurisdiction of this court on the preliminary injunction. But we know that that's moot. So then they say capable of repetition but evading review. That's an exception to the exception. Now we're way down the rabbit hole. And basically they're saying, well, regardless of what that second vaccine form looks like from Dr. Riccione, we're going to reject it. We don't really care. We're going to reject it regardless of what the statute says, regardless of whether it's an unstable condition, regardless of whether there's proper ACIP guidance reference. We're going to reject it for the sole purpose of demonstrating to this court that it's capable of repetition and evading review. Well, that wouldn't be the purpose. The purpose would be because they might take a legal position, which I think is not one that was necessary for them to take in the previous round, that they are entitled to question the diagnostic judgment of the doctor making the certification. Well, Judge, I would submit to you that if they do that on a more fulsome record, that it's a different issue. Then we have a different issue. Then it's not repetition. That is an issue that would come up, and either the district court would leave it as a state issue to be decided, or would decide it and it would come to us on appeal, and we would certify. That's exactly right, Judge. And that's why I think the Independence Party case that you asked for supplemental briefing on is exactly on point. The district court judge, if this thing even ripens into a controversy, for all I know, the district will acknowledge that this child has a contraindication, that she has an unstable neurological condition manifesting in tics. They will read 2164, and they will accept the waiver and allow her to be a 12-year-old girl in middle school. If they choose, once again, to exercise, Your Honor, and I believe the district court used the term veto, certainly said it was improper for them to substitute the judgment of a doctor who had never examined the child for the judgment of a doctor who had. And if they don't do that, we don't have any controversy. There's nothing that repeats. We have solved the problem. And then we resolve the remaining lingering issues before the district court, and maybe that appeals. Maybe it doesn't, depending on who prevails. I have one other question. I don't think I've been able to – whether the Independence Party is an absolute rule or a prudential kind of judgment thing that we should generally use as a presumption or something like that, I haven't been able to find a case in which that capable of repetition, et cetera, rule, was applied at the stage of a preliminary injunction in this kind of context. Nor have we, Judge. And, you know, we did look at election law cases. We wanted to try to find ones that were more contemporaneous with a school setting and the expiration of a school year. My colleagues – Well, Graham said no. You know. I like no. Graham said there are no such cases, and that's been followed. Graham itself sort of followed the Seventh Circuit, but it's been followed by any number of other circuits who have cited Graham. So the starting – you're not going to find a case where we've said it is capable of repetition because it was even though it was a preliminary injunction because since Graham, that's not been done. And, Judge, if I may, and I think that's because we are so far down the rabbit hole with an exception to an exception to an exception. It's the last thing this Court wants to do, I submit, is exercise jurisdiction over a moot, expired, with all of the changes, with Miller being reversed, with the summary judgment motion pending before the district court. But it is rather extraordinary, nevertheless, is it not, for a district court to grant a preliminary injunction on the ground that the plaintiff is likely to prevail on an issue of State law that is not actually one of the claims that have been made. Judge, now wait a second, Judge. The district court, with one simple procedural step that it was freely allowed to do, could have rectified all of the concerns that's causing laughter on the bench, and it could have said, amend your complaint. You've articulated – Well, why is it up to the judge to tell you what claims to bring? Well, Judge, he just – The judge, defined from this very long, very thorough complaint, which does raise at least one State claim, it's a constitutional claim, the judge then sort of dug through it and divined that somehow it was bringing an Article 78 claim, and then granted relief on that claim that had not been asserted. How is that – Well, Judge – How is it up to the judge to say, counsel, if I were in plaintiff's counsel's shoes, I would have brought a 78 claim. Why don't you go do that? Well, first of all, Judge, it's not only a 78 claim that we can bring, okay? We can also bring a claim under CPLR 3001. But you didn't. You didn't do it. I understand that. But Judge Sinatra cited all of the authority from this circuit and from the court of appeals saying why he could examine the complaint, decide the claim was there. And he specifically laid that out paragraph by paragraph. Now, if he had said, hey, I don't like it, I don't like doing this, I don't want to go up to possibly the Second Circuit on an interlocutory appeal on the preliminary injunction with the complaint reading the way it is, I'm going to give you an opportunity to amend it. You amend it any way you want, but it better have a State law claim in there under CPLR 3001 or Article 78. If he had done that, Judge Miriam. Yes. Just let me finish. If he had done that, then Your Honors would not be saying that he's just simply used the existing authority to say I can read this complaint as articulating that cause of action already without the need for amendment. It's a counseled complaint, a thorough, lengthy, counseled complaint. Yes. And so you're hearing our skepticism. We can leave that at that. Let me point out to you that there is a motion for a TRO and preliminary injunction with your name on it that was filed September 2025. And the hearing transcript was not available when I took the bench this morning, but it was ordered. Mr. Yeager filed it, but it's signed by both you and Mr. Yeager. And it also reflects that you actually attended by teams the oral argument on that motion in September 2025. And the motion is captioned as both TRO and preliminary injunction. So I'm confused by the idea that there was one. I think I know what that is, and I think this answers Judge Lindstrom's question as well. The district sent out letters before the school year started, before there was even Dr. Riccione, before the second waiver was submitted saying that anybody without vaccination was going to be excluded from school, something along the lines of either immediately on the first day or 14 days in, depending on the in-process requirement. We said no, because historically, even though the injunction had expired, the district's own policy, which it acknowledged was that if the child was scheduled for an annual visit, and Judge Merriam, this goes to your whole one-year, one-day thing, it's to avoid the second co-pay, the district had historically worked with families to allow them to go to an annual visit. And we said, hey, wait a second. You can't change the rule now after years and years and years of allowing annual visits. Okay. So that was what that was about. But we are not arguing what happened in the district court. And we've gotten into that for perfectly good reasons. But frankly, that's not what's before us. So let's get, we've decided what, we've heard what's before us. And what happened in the district court, whether it was justified or not, is something else. I agree, Judge. But I just wanted to clear up that we're not trying to play games here with the court. I think we're waiting on the district to decide on the second Riccione waiver, which has both, I think, meningitis and Tdap in it this year. It's totally different. We're waiting to decide, to see whether they're going to follow 2164 or say, our doctor's smarter than your doctor. And if they don't do that, then there's no repetition, there's no evasion of review.  All right. Thank you, Your Honors. I appreciate your time. Counsel, we'll hear from Mr. McClaren again. You have reserved two minutes. Yes, Your Honor. First, let me clarify exactly the procedural posture of that preliminary injunction issue that you've raised. As I indicated before, the plaintiff made a motion for a TRO and preliminary injunction on the issue that she was permitted to stay in school while a doctor appointment was pending. The district court judge, Judge Sinatra, denied the TRO and said, if you still want to pursue a preliminary injunction, you go to the magistrate. And he referred it to the magistrate. Magistrate judge. What's that? I'm sorry. Magistrate judge, yes. I'm sorry, Your Honor. And they have taken no further action on pursuing that preliminary injunction in front of the magistrate judge. It's just sitting there. There has been nothing. What I would point out to the Court that I think we're losing in the argument factually is that the standard here is likely to repeat. It's not absolute to repeat. And here it is not speculative. And what is likely going to happen is that the district is going to look at all the Actually, even though it's outside the record, the Department of Health on Friday sent its recommendation to the school district on the new exemption and recommended that it be rejected. And that is consistent with the medical director's recommendation. I anticipate the district is going to say, we're going to reject this. What that does is, if the Court follows his prior decision, which we submit to you was wrong, you're going to have we're going to have another injunction in place that will expire by the end of the year. There is no way that this Court will possibly hear that appeal by the end of May, given how the case has gone. And that fits directly into the exception of the Mubna's doctrine. Likely, likely to succeed, not absolute, and evading review. Because if we appeal the next injunction, I'm going to be standing here making the same argument to you that you should that you should the trigger the exception should be triggered. And if we don't do that, or you don't decide and say he's just made a mistake in taking jurisdiction over this issue in the first place under the discretionary jurisdiction statute, then this will never be reviewed. The issue of whether or not the exemption can be substantively reviewed by a district will never be reviewed because it's always going to be expired by the time this Court gets it. Because they're only good for a year. Thank you. Thank you, Your Honor. Thank you, counsel. We'll take the matter under advisement.